## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **BYTEMARK, INC.,** § | | |
| *Plaintiff,* § | | |
| § | | |
| *v.* § | | 6:22-CV-00304-ADA-DTG |
| § | | |
| **MASABI LTD.,** § | | |
| *Defendant.* § | | |

### ORDER GRANTING PLAINTIFF BYTEMARK, INC.'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANT MASABI LTD.

Come on for consideration is Plaintiff's Motion for Leave to Effect Alternative Service of Complaint (the "Motion") on United Kingdom Defendant Masabi Ltd. ECF No. 17. After careful consideration of the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion.

### I.   BACKGROUND

Plaintiff Bytemark, Inc. ("Bytemark") filed suit against Defendant Masabi Ltd. ("Masabi UK") alleging direct infringement of United States Patent Nos. 10,360,567 and 10,346,764 on March 22, 2022. ECF No. 1 ¶6, ¶9. On March 25, Bytemark attached the complaint in an email to Masabi UK's legal counsel inquiring about service of documents. ECF No .17 at 2. Bytemark sent a follow-up email on April 1 garnering the response that Masabi UK was not the proper defendant. ECF No. 17 at 2. On April 7, Masabi UK's legal counsel followed up stating that he would accept service on behalf of its United States subsidiary if the named defendant was amended. ECF No. 17 at 2. Bytemark proceeded to employ the services of Judicial Processing and Support, Inc. to serve Masabi UK pursuant the Hague Convention. ECF No. 17 at 2. On May 20, 2022, Bytemark filed an amended complaint. In turn, Bytemark pursued service on Masabi UK through Judicial Processing and Support, Inc. on May 30. ECF No. 17 at 2–3. Bytemark received notice that the process server found Masabi UK's listed address inaccessible and the

1

attempted service on October 21, 2022, was unsuccessful. ECF No. 17, Ex. C. Bytemark now requests leave from the Court permitting alternative service of process upon Masabi UK through its legal counsel. ECF No. 17 at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States is to be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Mfg Co.*, No. 6:19-CV-00261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

## III. ANALYSIS

Bytemark has requested leave to effect alternative service pursuant to Rule 4(f)(3) by emailing Masabi UK's counsel, Douglas LaLone of Fishman Stewart PLLC. ECF No. 17 at 1. In response, Masabi UK argues that Bytemark has failed to meet its burden for relief. ECF No. 20 at 1. Furthermore, Masabi UK asserts that Bytemark's requested method of alternative service violates international agreements and principles of due process. ECF No. 20 at 1.

### A. Alternative service is proper because Bytemark has attempted service consistent with the Hague Convention.

The Court will permit alternative service because Bytemark has previously employed Judicial Process and Support, Inc. to attempt service upon Masabi UK. ECF No. 17 at 2–3. This Court has previously stated that "a plaintiff does not have to attempt to effect service under Rule

4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 U.S. Dist. LEXIS 185740, at *4 (W.D. Tex. July 2, 2014) (citing *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012)). Further, the Court has stated that "service of process under Rule 4(f)(3)" is not an extraordinary measure but one among multiple methods for serving an international party. *ACQIS LLC v. Levovo Grp. Ltd.*, No. 6:20-CV-00967-ADA, 2022 U.S. Dist. LEXIS 103045, at *4 (W.D. Tex. June 9, 2022) (quoting *Rio Props. V. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). But district courts have been more permissive of alternative service requests after attempting service of process consistent with the Hague Convention. *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909, at *9 (W.D. Tex. June 17, 2020) (collecting cases). The Federal Circuit has advised that courts consider "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means" when making discretionary assessments. *In re OnePlus Tech. Co.*, No. 2021-165, 2021 U.S. App. LEXIS 27282, at *10 (Fed. Cir. Sept. 10, 2021). Here, Bytemark's attempt to serve Masabi UK with Judicial Process and Support, Inc. constitutes a reasonable attempt to effectuate service.

    **B. Bytemark's proposed method of alternative service does not violate international agreements.**

The Court finds that the proposed alternative service method does not violate international agreements between the United States and the United Kingdom. Masabi UK alleges that email is not a permitted service method under the Hague Convention. ECF No. 20 at 10. Masabi UK relies on *Mapping Your Future, Inc. v. Mapping Your Future Servs., Ltd.* and *Peabody Holding Co. v. Costain Grp. PLC* for authority in support of this argument. ECF No. 20 at 10. Both authorities are based on the reasoning of *Bankston v. Toyota Motor Corp*. *Mapping*

3

*Your Future, Inc. v. Mapping Your Future Servs.*, 266 F.R.D. 305, 307-08 (D.S.D. 2009); *Peabody Holding Co. v. Costain Grp. PLC,* 808 F. Supp. 1425, 1440 (E.D. Mo. 1992). The Supreme Court, however, has dispelled the *Bankston* interpretation of Article 10 of the Hague Convention. *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 281-84 (2017) (concluding that Article 10 encompasses mail, contrary to the *Bankston* interpretation).

Further, Masabi UK's argument falls short because the intended recipient of the email service of process is within the United States. The Supreme Court clarified that "[t]he only transmittal to which the Convention applies is a transmittal abroad[.]" *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). Bytemark has requested leave to serve Masabi UK through email to its U.S. counsel in Troy, MI. ECF No. 21 at 2. Accordingly, Bytemark seeks a method of alternative service that does not implicate the Hague Convention. Moreover, this Court stated that serving international defendants by email to its U.S. counsel under Rule 4(f)(3) is routine practice. *Terrestrial Comms LLC*, U.S. Dist. LEXIS 106909, at *10. Bytemark's request does not implicate any violation of an international agreement as a result.

### C.  Bytemark's proposed method of alternative service does not violate due process.

The Court finds that the proposed method of alternative service does not violate constitutional due process. Because these claims were brought forth in the Western District of Texas, the Texas long-arm statute is applicable. *Terrestrial Comms LLC*, U.S. Dist. LEXIS 106909, at *7. The Texas Supreme Court has stated that the Texas long-arm statute "reaches as far as the federal constitutional requirements of due process will permit." *U-Anchor Advert., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977). The Supreme Court has reiterated its due process requirements that "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action[.]" *Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Masabi UK argues that the Supremacy clause implicates the Hague Convention and that such means must be used to transmit documents served abroad. ECF No. 20 at 10. This argument misses the mark. Bytemark has requested leave to serve Masabi UK not abroad, but through its U.S. counsel resulting in a domestic transmission. Next Masabi UK argues it will not be reasonably apprised of the pending litigation because Mr. LaLone is not an authorized agent. ECF No. 20 at 11. This Court has previously addressed similar concerns and stated that multiple district courts have directed service to an international party's U.S. counsel "even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *Terrestrial Comms LLC*, U.S. Dist. LEXIS 106909, at *10. Additionally, service of process on counsel through email "erases any 'material doubt that [a defendant] will be provided notice of this suit.'" *WorldVentures Holdings, LLC v. MaVie*, No. 4:18CV393, 2018 U.S. Dist. LEXIS 209348, at *38 (E.D. Tex. Dec. 12, 2018). Bytemark's request to serve Masabi UK through email to its U.S. legal counsel does not violate any due process rights.

## IV.   CONCLUSION

Here, Bytemark has shown reasonable efforts to effectuate the service of process upon Masabi UK in compliance with the Hague Convention. ECF No. 17 at 2. Bytemark has now requested leave for effecting alternative service upon Masabi UK through its U.S. counsel. ECF No. 17 at 1. This Court finds that the requested means for alternative service comports with international agreements and constitutional due process. It is therefore **ORDERED** that Plaintiff's Motion for Leave to Effect Alternative Service on Defendant is **GRANTED**.

SIGNED this 30th day of May, 2023.

                                                  _____
                                                  DEREK T. GILLILAND
                                                  UNITED STATES MAGISTRATE JUDGE