# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| BYTEMARK, INC. <br><br> Plaintiff, <br><br> v. <br><br> MASABI LTD., <br><br> Defendant | Case No. 6:22-CV-00304 ADA-DTG <br><br> Patent Case |

### MASABI LTD.'S MOTION AND BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)2

Defendant, Masabi Limited ("Masabi LTD"), hereby files this motion to dismiss Plaintiff Bytemark, Inc's ("Bytemark") First Amended Complaint under Fed. R. Civ. P. 12(b)2. Bytemark's First Amended Complaint is brought against Masabi LTD, a foreign corporation with *no* offices, property, assets, employees, agents, customers, contracts, operations, or bank account, in Texas. Masabi LTD also has no *continuous and systematic* affiliations with the state of Texas, and it does not purposefully direct the allegedly infringing patent activities at any resident in Texas. Masabi LTD is "not at home" in Texas.  Thus, this court does not have general or specific jurisdiction over Masabi – a United Kingdom company – and it would be unfair and unreasonable for the Court to exercise jurisdiction.

Accordingly, Masabi LTD respectfully requests this Court to dismiss this suit, with prejudice. Oral argument is courteously requested.

**BRIEF IN SUPPORT OF MASABI'S MOTION TO DISMISS
<u>UNDER FED. R. CIV. P. 12(b)2</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.  INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF ISSUES TO BE DECIDED ................................................ 2

III.  STATEMENT OF FACTS .................................................................................. 2

    A.  Bytemark's Amended Complaint ................................................................ 3

       1.  Personal Jurisdiction .......................................................................... 3

       2.  F.R.C.P. 4(k)(2) ................................................................................... 5

    B.  Masabi LTD has no contacts with Texas .................................................... 5

IV.  LEGAL STANDARD .......................................................................................... 6

V.  ARGUMENT ....................................................................................................... 9

    A.  Bytemark Cannot Establish The State of Texas Has General Jurisdiction Over Masabi LTD. .................................................................................................. 9

    B.  Bytemark Cannot Establish The State of Texas Has Specific Jurisdiction Over Masabi LTD. .................................................................................................. 10

    C.  It Would Be Unreasonable to Exercise Jurisdiction Over Masabi LTD. ....................... 13

    D.  Bytemark Cannot Establish Facts to Support Rule 4(k)(2) ........................................... 14

VI.  CONCLUSION .................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Asahi Metal Indus. Co., Ltd. v. Super. Ct.*,
    480 U.S. 102 (1987) ............................................................................................. 8, 13

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*,
    552 F.3d 1324 (Fed. Cir. 2008), *cert. denied*, 557 U.S. 904 (2009) ......................... 12

*BASF Corp. v. Willowood, LLC*,
    359 F. Supp. 3d 1018 (D. Colo. 2019) ................................................................... 12

*Calder v. Jones*,
    465 U.S. 783 (1984) .................................................................................................. 8

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
    230 F.3d 934 (7th Cir. 2000) .................................................................................. 10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) .................................................................................................. 9

*Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*,
    No. 12- cv-0644, 2013 WL 12121034 (W.D. Tex. June 12, 2013) ........................... 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) .................................................................................................. 9

*Guidry v. U.S. Tobacco Co., Inc.*,
    188 F.3d 619 (5th Cir. 1999) .................................................................................. 13

*Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*,
    85 F.3d 201 (5th Cir. 1996) ...................................................................................... 8

*Head v. Las Vegas Sands, LLC*,
    760 F. App'x 281 (5th Cir. 2019) ............................................................................. 8

*In re Takata Airbag Prods. Liab. Litig.*,
    --- F. Supp. 3d, MDL No. 2599, 2019 WL 2570616 (S.D. Fla. June 21, 2019) ........ 11

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,
    818 F.3d 193 (5th Cir. 2016) .................................................................................. 10

*Johnston v. Multidata Sys. Int'l Corp.*,
    523 F.3d 602 (5th Cir. 2008) ................................................................. 7, 8, 9, 11, 13

*Kitt Holdings, Inc. v. Mobileye B.V.*,
No. 17-cv-2421, 2018 WL 3389747 (S.D. Ind. July 11, 2018)................................. 12

*Nuance Commc'ns, Inc. v Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) ..............................................................11

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) .................................................................11

*Patin v. Thoroughbred Power Boats, Inc.*,
294 F.3d 640 (5th Cir. 2002) ................................................................. 10

*Sangha v. Navig8 ShipMgmt. Private Ltd.*,
882 F.3d 96 (5th Cir. 2018) ........................................................7, 8, 9, 11

*Seiferth v. Helicopteros Atuneros, Inc.*,
472 F.3d 266 (5th Cir. 2006) ................................................................. 8

*Stuart v. Spademan*,
772 F.2d 1185 (5th Cir. 1985) ............................................................... 8

*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*,
517 F.3d 235 (5th Cir. 2008) ................................................................. 10

*Wien Air Alaska, Inc. v. Brandt*,
195 F.3d 208 (5th Cir. 1999) ............................................................. 10, 13

*Wilson v. Belin*,
20 F.3d 644 (5th Cir. 1994) .................................................................. 7

## Other Authorities

Fed. R. Civ. P. 12(b)(2) ................................................................... 7, 15

Fed. R. Civ. P. 4(k)(1) ...................................................................... 7

Fed. R. Civ. P. 4(k)(2) ............................................................... 7, 14, 15

Tex. Civ. Prac. & Rem. Code § 17.042(2) ..................................................... 7

*TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016)............................................... 7

## I.    INTRODUCTION

Bytemark's First Amended Complaint ("First Am. Compl.") accuses Masabi LTD of two counts of patent infringement.  Said complaint is only directed towards Masabi LTD but it references another company, Masabi LLC.  Although Masabi LTD, and Masabi LLC are separate companies, Bytemark treats them as if they were a single entity, alleging that Masabi LTD infringes the patents-in-suit and that Masabi LTD has jurisdictional ties to this forum. However, Masabi LTD and Masabi LLC are separate and distinct legal entities. While Masabi LLC has connections to Texas, Masabi LTD does **not** and thus should be dismissed.

Masabi LTD is a company incorporated under the laws of the UK where it maintains its principal place of business. Masabi LTD does not market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to Texas. It has no offices, facilities, bank accounts, employees, officers, investors, or real estate in Texas.  It is not registered to conduct business in Texas, and it has no registered agent for service of process in Texas.

Bytemark attempts to bypass the jurisdictional requirements by improperly alleging that Masabi LTD and Masabi LLC are "in form and substance, one and the same" (First Am. Compl. ¶6)  Bytemark, however, proffers no facts that would support this allegation and allow this Court to exercise personal jurisdiction over Masabi LTD who has no presence in Texas at all and has directed no conduct towards this forum.

Bytemark in the alternative alleges that Federal Rule 4(k)(2) allows for the assertion of personal jurisdiction over Masabi LTD in Texas.  Yet, FRCP 4(k)(2) allows Federal Courts to extend their jurisdictional reach to the constitutional limits *if no U.S. forum would otherwise have jurisdiction*.  Masabi LTD has contacts with Boston and New York City such that personal

1

jurisdiction could be available in those venues.  Therefore, the attempted use of FRCP 4(k)(2) is inappropriate and does not suffice to find personal jurisdiction over Masabi LTD in Texas.

For these reasons, Bytemark has failed to meet its burden of demonstrating that this Court can exercise personal jurisdiction over Masabi LTD and the First Amended Complaint should be dismissed.

## II.   STATEMENT OF ISSUES TO BE DECIDED

**A.**   Has Bytemark properly established that Texas has personal jurisdiction over Masabi LTD?

   **1.**   Answer: NO

**B.**   Has Bytemark provided sufficient facts to establish that Masabi LTD and Masabi LLC are a singular entity and therefore allowing contacts by Masabi LLC to be attributed to Masabi LTD sufficient to establish personal jurisdiction in Texas?

   **1.**   Answer: NO

**C.**   Has Bytemark provided sufficient facts under F.R.C.P. 4(k)(2) to allow Texas to assert personal jurisdiction over Masabi LTD?

   **1.**   Answer: NO

## III.   STATEMENT OF FACTS

Plaintiff Bytemark filed suit against Defendant Masabi Ltd. alleging direct infringement of United States Patent Nos. 10,360,567 and 10,346,764 (the "Asserted Patents") on March 22, 2022. ECF No. 1 ¶6, ¶9. On March 25, Bytemark attached the complaint in an email to Masabi LTD's legal counsel inquiring about service of documents. ECF No. 17 at 2. Bytemark sent a follow-up email on April 1 garnering the response that Masabi LTD *was not the proper*

*defendant*. ECF No. 17 at 2 (Emphasis added). On April 7, Masabi LTD's legal counsel followed up stating that he would accept service on behalf of its United States subsidiary if the named defendant was amended. ECF No. 17 at 2. Bytemark proceeded to employ the services of Judicial Processing and Support, Inc. to serve Masabi LTD pursuant to the Hague Convention. ECF No. 17 at 2. On May 20, 2022, Bytemark filed an amended complaint.  Bytemark requested leave for effecting alternative service upon Masabi LTD through its U.S. counsel. ECF No. 17 at 1. This Court found that the requested means for alternative service comports with international agreements and constitutional due process and granted Plaintiff's Motion for Leave to Effect Alternate Service on the Defendant.   ECF No. 22 at 5.  Defendant Masabi LTD now brings the present motion to dismiss for lack of personal jurisdiction.

      **A.**     Bytemark's Amended Complaint

          **1.**     Personal Jurisdiction

Bytemark's Amended Complaint asserts two counts of patent infringement against Masabi LTD.  (First Am. Compl. ¶25-59).   In these allegations, Bytemark references allegedly infringing actions against Masabi LTD while only referring to the Defendant as "Masabi."  (*Id*.). Rather than referencing any specific activities by Masabi LTD, Bytemark relies on a series of unsupported allegations that they claim make Masabi LTD and its subsidiary Masabi LLC "one and the same." (*Id*. ¶6).  Bytemark makes numerous unsubstantiated allegations about Masabi LTD and Masabi LLC in an attempt to conflate the two legal entities and attribute jurisdictional contacts of Masabi LLC to Masabi LTD.  Paragraph 6 of the First Am. Compl. lists the following unsupported accusations:

          Masabi directed, implemented, and benefitted from the unlawful activities

          pleaded within.   Masabi maintains complete control over its subsidiary entities,

3

including Masabi LLC, and they are, in form and substance, one and the same. The acts and daily operations of Masabi's subsidiary entities were, in form and substance, those of Masabi and were directed and fully controlled by Masabi in London.  Masabi's subsidiary entities abided by Masabi's policies and communicated to the public that Masabi and its subsidiary entities were one and the same.  These subsidiary entities consented to this relationship, exercised a low amount of discretion, owed a fiduciary duty to Masabi, and possessed the power to alter the legal relations between Masabi and third parties (e.g., to enter into contracts).  Masabi carried the gain or risk, not its subsidiary entities.  The employees of Masabi's subsidiary entities, including Masabi LLC, were scattered and decentralized, reporting to the London office and implementing Masabi's directives.  Moreover, there was an overlap in ownership, officers, directors, and personnel, with, e.g., employees of Masabi working concurrently for its subsidiary entities.  It is believed that Masabi and its subsidiary entities shared common office space, address and/or phone numbers.  It is also believed that Masabi and its subsidiary entities' funds, profits, and property were intermingled; that its subsidiary entities were not treated as independent profit centers;  that there was inadequate capitalization; that there was a disregard for corporate formalities; and that its subsidiary entities' debts were guaranteed and paid by Masabi.  (First Am. Comp. ¶6)

Bytemark provides no evidence to support these allegations yet relies on these allegations in an attempt to assert personal jurisdiction over Masabi LTD in Texas.  Bytemark's entire

position on personal jurisdiction is based on unfounded and unsubstantiated allegations that contain nothing more than conjecture.

        **2.**        F.R.C.P. 4(k)(2)

Bytemark argues in the alternative that under F.R.C.P. 4(k)(2) that Masabi LTD has sufficient minimum contacts with the United States such that personal jurisdiction may be asserted in the state of Texas without offending traditional notions of fair play and substantial justice (First Amend. Comp. ¶24). However, again Bytemark attempts to conflate activities performed by Masabi LLC with Masabi LTD to establish such minimum contacts. In addition, Bytemark improperly implies Masabi LTD has no significant contacts in any state in the United States in an attempt to utilize FRCP 4(k)((2) to find personal jurisdiction over Masabi LTD in Texas.

       **B.**       Masabi LTD has no contacts with Texas

Masabi LTD is a company incorporated and registered to do business in the United Kingdom. (Rattray Decl. ¶5). Masabi LTD has no headquarters and no places of business in the United States (Rattray Decl. ¶6). Masabi LTD owns no property in Texas, leases no property in Texas, has no offices in Texas, has no employees in Texas, does not have any contractors in Texas, does not have any contracts with any municipality in Texas, is not registered to do business in Texas, does not pay taxes to either the State of Texas or to cities in Texas, does not have an agent for service in Texas, and does not operate, market, or manage distribution of the accused mobile ticketing applications, hardware or software in Texas (Rattray Decl. ¶7-17). Potential key witnesses for Masabi LTD are located outside the United States (Rattray Decl. ¶18).

Masabi LTD and Masabi LLC are separate legal entities, and each has its own employees (Rattray Decl. ¶19).  Masabi LTD does not control or direct any Masabi LLC employee in Texas that programs, repairs, maintains the accused mobile ticketing software that is at issue in this Texas suit. (Rattray Decl. ¶20). Masabi LTD has never communicated direct or indirectly to the public that Masabi LTD and Masabi LLC are one and the same (Rattray Decl. ¶21).  Masabi LTD has not authorized Masabi LLC to engage Masabi LTD in contracts with third parties (Rattray Decl. ¶22). Masabi LTD and Masabi LLC each report their own profits and losses and carry their own business insurance (Rattray Decl. ¶23). Masabi LTD does not have employees that are also employed by Masabi LLC (Rattray Decl. ¶24). Masabi LTD does not share office space, phone numbers or addresses with Masabi LLC (Rattray Decl. ¶25). Masabi LTD does not intermingle funds, profits, or property with Masabi LLC (Rattray Decl. ¶26). Masabi LTD and Masabi LLC are both adequately funded (Rattray Decl. ¶27). Masabi LTD does not maintain a bank account in the United States (Rattray Decl. ¶28). Masabi LTD is diligent in establishing and maintaining corporate formalities (Rattray Decl. ¶29). Masabi LTD does not guarantee or pay debts owed by Masabi LLC (Rattray Decl. ¶30). Masabi LTD has at least one contract with a United States company located outside the State of Texas (Rattray Decl. ¶31). Masabi LTD has had significant contacts with businesses in the States of Massachusetts and New York.  That said, Masabi LTD does not now, nor in the past, ever had any contract with any company in Texas (Rattray Decl. ¶32).

## IV.    LEGAL STANDARD

A federal court may exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; . . . who is . . . served within a judicial district of the United States . . . ; or . . . when authorized by a

federal statute." Fed. R. Civ. P. 4(k)(1). For federal claims outside state-court jurisdiction, serving a defendant establishes jurisdiction if "the defendant *is not subject to jurisdiction in any state's courts* of general jurisdiction; and . . . exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2) (emphasis added). Lack of personal jurisdiction over a defendant mandates dismissal. *See* Fed. R. Civ. P. 12(b)(2).

"Courts have personal jurisdiction over a nonresident defendant when the state's long-arm statute permits such jurisdiction and the exercise of jurisdiction is consistent with federal and state due-process guarantees." *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016) (citation omitted). Texas's long-arm statute extends Texas courts' power to exercise personal jurisdiction to the limits of due process under the Constitution of the United States. *See* Tex. Civ. Prac. & Rem. Code § 17.042(2) (the Texas "long-arm statute"); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis.") (citation omitted). Federal due process requires a plaintiff to prove: (1) that the non-resident "purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnston*, 523 F.3d at 609 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

A defendant's "contacts" to the forum state "can give rise to either specific jurisdiction or general jurisdiction." *Sangha v. Navig8 ShipMgmt. Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citation omitted). A court may assert general jurisdiction over non-resident defendants only "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Id*. at 101-02 (internal quotation and citations omitted).

While specific jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* at 101 (internal quotation and citations omitted). "[T]he plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident" defendant. *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). A plaintiff bringing multiple claims "that arise out of different forum contacts" must establish jurisdiction "for each claim." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006). Furthermore, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citation omitted). Plaintiffs are therefore "require[d]. . . to submit evidence supporting personal jurisdiction over each defendant without grouping them together." *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (citation omitted).

The plaintiff's burden is greater as applied to defendants residing outside of the United States. *See Asahi Metal Indus. Co., Ltd. v. Super. Ct.*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."); *Johnston*, 523 F.3d at 615 ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.") (internal quotation and citation omitted).

## V.      ARGUMENT

### A.      Bytemark Cannot Establish The State of Texas
###          Has General Jurisdiction Over Masabi LTD.

Masabi LTD is not subject to general jurisdiction in Texas. "[A] court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [the corporation] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" *Sangha*, 882 F.3d at 101-02 (citing *Johnston*, 523 F.3d at 609). A foreign entity is "essentially at home in the forum State" only if it has "continuous and systematic" affiliations with the State that are "comparable to a domestic enterprise in that State"— e.g., the entity is incorporated in, or has its principal place of business in, the forum State. *Daimler AG*, 571 U.S. at 122, 133 n.11 (internal quotation and citation omitted). Masabi LTD is NOT at home in Texas.

Masabi LTD is not incorporated or registered to do business in Texas, does not have property or offices in Texas, does not have employees, shareholders, officers or contractors in Texas, and does not have a bank account or pay taxes in Texas. (Rattray Decl. at ¶¶5-17). Accordingly, Masabi LTD does not have "continuous and systematic" affiliations with the forum state which would "render [them] essentially at home" in Texas, and therefore they are not subject to this Court's general jurisdiction. *Daimler AG*, 571 U.S. at 122, 133 n.11 (internal quotation and citation omitted); *see Sangha*, 882 F.3d at 102 (holding no general jurisdiction over defendant that was "not incorporated in Texas, ha[d] a foreign principal place of business,

ha[d] no officers or shareholders in Texas, d[id] not pay taxes in Texas, and d[id] not have an agent for service of process in Texas").

Masabi LLC's alleged affiliation with Texas would only be imputed to Masabi LTD if Bytemark could establish that the companies are functionally "the *same entity*," which it has not done and cannot do. *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 649-50, 653 (5th Cir. 2002) (only where corporations are "alter egos" can jurisdictional contacts be imputed); *see, e.g.*, *Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*, No. 12- cv-0644, 2013 WL 12121034, at *4 (W.D. Tex. June 12, 2013) (where record did not "conclusively demonstrate an alter-ego relationship" there was no jurisdiction over foreign parent company); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) ("[T]he primary purpose of the corporate form is to prevent a company's owners, whether they are persons or other corporations, from being liable for the activities of the company [As a result,] such owners do not reasonably anticipate being hailed into a foreign forum to defend against liability for the errors of the corporation.")

### B.   Bytemark Cannot Establish The State of Texas Has Specific Jurisdiction Over Masabi LTD.

Specific jurisdiction exists when a defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal quotation and citation omitted); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016). Bytemark has not and cannot establish a *prima facie* case that specific jurisdiction exists for the patent claims as to Masabi LTD. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (plaintiff bears burden of establishing *prima facie* case for jurisdiction over defendant).

To determine personal jurisdiction over Bytemark's patent claims, the Court must consider whether: (1) the defendant purposefully directed activities at residents of the forum; (2) the patent claims arise out of those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Nuance Commc'ns, Inc. v Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). Bytemark's Amended Complaint fails to allege facts showing sufficient forum contacts to find personal jurisdiction over Masabi LTD for Bytemark's patent claims.

Bytemark alleges that this Court has personal jurisdiction over Masabi LTD—because they "directed, implemented, and benefitted from the unlawful activities pleaded within" and "Masabi maintains complete control over its subsidiary entities, including Masabi LLC, and they are, in form and substance, one and the same." (First Am. Compl. at ¶6.) These allegations cannot support personal jurisdiction because they are mere conclusory statements, devoid of any ***facts*** showing purposeful availment. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ("[T]he district court correctly held that the prima-facie-case requirement does not require the court to credit conclusory allegations ") (citations omitted).

Moreover, these allegations are too vague and generalized to support a finding of personal jurisdiction. *See*, *e.g.*, *Sangha*, 882 F.3d at 102 ("overgeneralized assertions" are insufficient to bear plaintiff's jurisdictional burden) (citing *Johnston*, 523 F.3d at 609); *In re Takata Airbag Prods. Liab. Litig.*, --- F. Supp. 3d  , MDL No. 2599, 2019 WL 2570616, at *35 (S.D. Fla. June 21, 2019) (collecting cases and finding "the weight of Federal Circuit authority demonstrates that specific jurisdiction under the stream of commerce theory will not be sustained upon unspecific and generalized allegations").

In fact, other than the unsupported assertion that Masabi LTD is "one and the same" as Masabi LLC (*First Am. Comp.* at ¶6), there is ***not a single allegation*** in Bytemark's Amended

11

Complaint specific to Masabi LTD's activity in Texas, let alone one that clearly alleges any concrete act or practice Masabi LTD has engaged in that could give rise to personal jurisdiction.

Bytemark's complaint references various contracts with municipalities in Texas and suggests those give rise to Masabi LTD. being subject to jurisdiction in Texas. (*First Am. Comp.* at ¶23)  However, Masabi LTD is ***not*** the contracting party with The Woodlands Express Park and Ride Bus ("Woodlands") in The Woodlands, Texas, or VIA Metropolitan Transit ("VIA") in San Antonio, Texas despite Bytemark's attempt to allege otherwise. (Rattray Decl. at ¶32.) As such, there is no basis for personal jurisdiction over Masabi LTD in connection with patent claims concerning contracts by Masabi LLC for ticketing platforms in Texas. *See, e.g.*, *BASF Corp. v. Willowood, LLC*, 359 F. Supp. 3d 1018, 1029 (D. Colo. 2019) (granting motion to dismiss foreign parent because patentee could not show that the Hong Kong parent purposefully sold or was involved with the selling of the infringing product and the patentee's claims were directly contradicted by affidavits from the parent corporation); *Kitt Holdings, Inc. v. Mobileye B.V.*, No. 17-cv-2421, 2018 WL 3389747, at *2-3 (S.D. Ind. July 11, 2018) (dismissing for lack of personal jurisdiction infringement action brought against a Dutch holding company because the patentee failed to "point[] to evidence showing that Mobileye B.V., as opposed to its subsidiaries, has the minimum contacts with the forum"). It is just not enough that Masabi LTD is Masabi LLC's corporate parent.  *See Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1337-39 (Fed. Cir. 2008), *cert. denied*, 557 U.S. 904 (2009) (holding that absent clear evidence parent was controlling activities of subsidiary there was no specific jurisdiction over patent claims).

**C.**     **It Would Be Unreasonable to Exercise Jurisdiction Over Masabi LTD.**

If Bytemark were somehow able to make a "*prima facie* case for personal jurisdiction," the equities dictate that exercising jurisdiction over Masabi LTD would be unreasonable in this case. *See Wien Air*, 195 F.3d at 215 ("even if plaintiff establishes minimum contacts between defendant and the forum state, defendant may make a showing that assertion of jurisdiction is "'unfair and unreasonable'"). To evaluate whether exercising jurisdiction is fair to a non-resident defendant, courts must balance: (1) the burden upon the nonresident defendant to litigate in the forum; (2) the interests of the forum; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the several states' shared interest in furthering substantive state policies. *See Johnston*, 523 F.3d at 615 (citations omitted). Additionally, when foreign defendants are involved, courts "must 'consider the procedural and substantive policies of other *nations* whose interests are affected by the assertion of jurisdiction by the [forum state].'" *Id.* (quoting *Asahi*, 480 U.S. at 115). In short, "[t]he relationship between the defendant and the forum must be such that it is reasonable to require the defendant to defend the particular suit which is brought there." *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 630-31 (5th Cir. 1999) (citation omitted).

Here, it would be unfair and unreasonable to require Masabi LTD to defend these particular claims in Texas. The burden to Masabi LTD would be significant and costly— Masabi LTD is based abroad and potential key witnesses and relevant records and files are located outside the State of Texas. (Rattray Decl. at ¶18) As explained in the Sections above, there are simply not the requisite contacts to establish personal jurisdiction over Masabi LTD, and Bytemark has certainly not reached the higher burden associated with establishing jurisdiction over a foreign defendant. *See Johnston*, 523 F.3d at 615.

Regarding prong two of the analysis - the interests of this forum – Bytemark has not identified any particular interest the State of Texas would have in litigating this dispute over mobile ticketing technology. Regarding point three (the plaintiff's interest in obtaining convenient and effective relief) and point four (the several states' shared interest in furthering substantive state policies), these factors also weigh in Masabi LTD's favor.  The two Asserted Patents are also being asserted by Bytemark in the parallel running New York patent suit Bytemark, Inc. v. Xerox Corp. et al., No. 1:17 Civ. 1803 (S.D.N.Y. Mar. 10, 2017).  In that case, Defendant Xerox has already filed an IPR proceeding contesting validity of USPN 10,346,764. *See* USPTO proceeding No. IPR2022-00621.  Oral arguments have already concluded in this USPTO Proceeding and a decision by the Patent Board is expected by August 2023.

Since a proceeding regarding these same patents is pending in New York, Masabi LTD submits it would not be fair and reasonable for the State of Texas to exercise jurisdiction.  It would be more convenient, consistent and an effective use of judicial resources if the present suit was not in Texas, but in a forum where the Asserted Patents are already under review.

In sum, each of the relevant equitable factors weigh against exercising personal jurisdiction.

### D.    Bytemark Cannot Establish Facts to Support Rule 4(k)(2)

Bytemark's complaint suggests F.R.C.P. 4(k)(2) as an alternate basis for asserting personal jurisdiction over Masabi LTD in Texas. (First Am. Comp. at ¶24.)  For federal claims outside state-court jurisdiction, serving a defendant establishes jurisdiction if "the defendant *is not subject to jurisdiction in any state's courts* of general jurisdiction; and . . . exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2) (emphasis added).

Bytemark fails to allege that Masabi LTD "is not subject to jurisdiction in any state's courts of general jurisdiction" but merely asserts that sufficient minimum contacts with the United States exist.  This fails to meet the requirements of F.R.C.P. 4(k)(2) on its face as there is no allegation that Masabi LTD is *not subject* to jurisdiction in any state's courts of general jurisdiction.  Furthermore, Masabi LTD does have significant contacts with business in at least the States of Massachusetts and New York (Rattray decl. at ¶32).  Masabi LTD does not now, or in the past, ever had any contract with any company in Texas (*Id.*).  Therefore, the attempt to exercise personal jurisdiction over Masabi LTD is inappropriate under Fed. R. Civ. P. 4(k)(2).

## VI.   CONCLUSION

For the foregoing reasons, Bytemark's Amended Complaint against Masabi LTD should be dismissed with prejudice under Rule 12(b)(2).  Entry of an order consistent herewith is courteously requested.

**BROZYNSKI & DALTON PC**

DATED: August 1, 2023

By:  */s/Katarzyna Brozynski*
Katarzyna Brozynski
Bar No. 24036277
kasia@bdlegalgroup.com
Bart Dalton
Bar No. 24043418
bart@bdlegalgroup.com
Eric Knudsen
Bar No. 24120949
eric@bdlegalgroup.com
5700 Tennyson Parkway, Suite 300
Plano, TX 75204
Tel: 972-371-0679

Douglas P. LaLone (*Pro Hac Vice Admitted*)
**FISHERBROYLES, LLP**
400 Renaissance Center, Suite 2600
Detroit, MI 48243
Telephone: 586.871.6302
E-mail: Douglas.lalone@fisherbroyles.com

15

*Attorneys for Defendant*
*Masabi Ltd.*

## CERTIFICATE OF SERVICE

I certify that on August 1, 2023, the undersigned caused the foregoing document to be

filed using the Court's electronic filing system, which will give notice to all counsel of record.


*/s/Katarzyna Brozynski*
Katarzyna Brozynski