**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:22-cv-00304-ADA |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant | § | |

**MASABI LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS**
**UNDER FED. R. CIV. P. 12(b)2**

Defendant Masabi Ltd. ("Masabi"), hereby files its Reply in Support of Motion to

Dismiss Under Fed. R. Civ. P. 12(b)2 to dismiss Plaintiff Bytemark, Inc's ("Bytemark") First

Amended Complaint.

## TABLE OF CONTENTS

ARGUMENT ............................................................................................................... 1

I.   Masabi, LTD. Does Not Have Sufficient Minimum Contacts With Texas ......................... 1

II.  The Activities of Masabi, LLC. are not Attributable to Masabi, LTD. Under Either Agency or Alter Ego Theories ............................................................................................ 3

III. Jurisdiction is not Proper under Fed. R. Civ. P. 4(k)(2) ...................................................... 6

IV.  Exercising Personal Jurisdiction on a UK company in Texas is unfair and unreasonable .. 6

   (1)   The burden on the Defendant is substantial ...................................................................... 7

   (2)   The forum State has no interest in adjudicating this dispute. ........................................ 8

   (3)   The Plaintiff's interest in obtaining convenient and effective relief. .......................... 9

   (4)   The interstate judicial system's interest in obtaining the most efficient resolution of controversies. .......................................................................................................... 9

   (5)   The shared interest of the several States in furthering fundamental substantive social policies. .................................................................................................................... 9

CONCLUSION ............................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)........................................................................................2

*Nuance Communications, Inc. v. Abbyy Software House*,
 626. F.3d 1222 (Fed. Cir. 2010).................................................................1, 2, 3

*Trois v. Apple Tree Auction Ctr., Inc.*,
 882 F.3d 485 (5th Cir. 2018) ........................................................................6

**Statutes**

35 U.S.C. §101 ..................................................................................................9

**Other Authorities**

FED. R. CIV. P. 4(K)(2) ....................................................................................6

https://www.bytemark.co/support......................................................................8

IPR2022-00621, Final Decision 8-16-2023 ......................................................9

## ARGUMENT

Bytemark argues that this Court has specific jurisdiction over Masabi, LTD. Bytemark further argues that Masabi, LTD. and Masabi, LLC. are alter egos. These arguments are based on misinterpretation of the facts, conclusory statements without evidence, conjecture and disregard for the actual facts already established in this case. While the plaintiff needs only to make a prima facie showing of jurisdiction, a prima facie case cannot be based on conjecture or misconstruction of facts. Bytemark has failed to produce a prima facie case that this Court has personal jurisdiction over Masabi, LTD. even if factual disputes are resolved in their favor.

## I.      MASABI, LTD. DOES NOT HAVE SUFFICIENT MINIMUM CONTACTS WITH TEXAS

Masabi, LTD. has shown that it does not have sufficient minimum contacts with the State of Texas for this Court to exercise personal jurisdiction. Masabi, LTD. has no employees, buildings, bank accounts, or assets within the State of Texas [**Exhibit 3**, Suppl Decl. ¶ 1, 2, 3, 4, 5, 17, 19, 21] [**Exhibit 7**, Rattray Dep. pg. 5 ln. 6 – pg. 6, ln.10; pg. 13, ln. 4-6]. Masabi, LTD. has no contracts with any business in Texas, no customers in Texas, and has never met with any customer in Texas, nor do they sell anything in Texas [**Exhibit 3**, Suppl Decl. ¶ 44, 45, 46, 47]. Masabi, LTD. is a United Kingdom-registered company [**Exhibit 3**, Suppl Decl. ¶ 6]. Masabi, LLC. is a United States company registered in Delaware [**Id**.]. The two entities file separate tax returns, use different accounting firms, have individual bank accounts, have separate insurance policies, and do not share any debt [**Exhibit 3**, Suppl Decl. ¶ 6-15].

Bytemark relies heavily on supposed similarities between this case and the Federal Circuit decision in *Nuance Communications, Inc. v. Abbyy Software House*, 626. F.3d 1222 (Fed. Cir. 2010). However, the *Nuance* case featured a Russian company that made laudatory statements about winning over "the whole U.S. market" followed by shipping hard copies of

software directly to a sister corporation located within the jurisdiction in question. (*Nuance* at 1358). In the present case, neither Masabi, LTD, Masabi, LLC. or Bytemark reside within Texas. Masabi, LTD. does not ship software to Texas or contract with any Texas entities [**Exhibit 3**, Suppl Decl. ¶ 23, 24, 25, 26]. Masabi, LLC. (NOT Defendant Masabi, LTD.) has its own independent operating director of marketing, Irna Grant, and its own marketing budget [**Exhibit 3**, Suppl Decl. ¶ 29, 30, 51] [**Exhibit 11**, Gooch Dep. Tr. pg. 6, ln 4 – pg. 7, ln 9]. Bytemark pretends that merely being the originator of software and licensing it to a U.S. subsidiary would give rise to personal jurisdiction for the originator in any state the subsidiary contracts in. This argument is not supported even by an overly broad reading of *Nuance*. The United States Supreme Court has warned against such overreaching in the application of jurisdiction as such practices would "scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." (*Daimler AG v. Bauman*, 571 U.S. 117, (2014) (quoting Burger King, 471 U.S. at 472)).

Bytemark further argues that Masabi, LTD. is subject to personal jurisdiction based on the stream of commerce theory by claiming that Masabi, LTD. "imports the Accused Systems into Texas through its U.S. sister company Masabi, LLC. with the expectation that the infringing mobile ticketing software will be sold in Texas" (Bytemark Response pg. 10). Bytemark again attempts to misconstrue Masabi, LLC.'s contacts with Masabi, LTD. by misconstruing the nature of the relationship between Masabi, LTD. and Masabi, LLC. as well as improperly comparing the Masabi entities to the Abbyy Software company in *Nuance*. Masabi, LTD. does not import software into Texas either directly or through Masabi, LLC. The software in question operates off a server in Washington, U.S.A [**Exhibit 3**, Suppl Decl. ¶ 25, 26]. Masabi, LLC. (NOT Defendant Masabi, LTD.) contracts with customers utilizing that software, and that contract has

Masabi' LLC's New York address. [**Exhibit 8**, pg. 12, ln. 15-18] [**Exhibit 9**, pg. 26, ln 5 – pg. 27, ln. 23] [**Exhibit 11**, pg. 20, ln. 1-23] Unlike *Nuance*, neither Masabi, LTD. nor Masabi, LLC. reside in the State of Texas. At best, Bytemark can establish that Masabi, LLC. entered into contractual service agreements in the State of Texas. This is NOT prima facie evidence of Masabi, LTD purposefully availing itself of the Texas jurisdiction, nor is it evidence of Masabi, LTD. entering into a stream of commerce where it would be expected to be liable in Texas.

## II.    THE ACTIVITIES OF MASABI, LLC. ARE NOT ATTRIBUTABLE TO MASABI, LTD. UNDER EITHER AGENCY OR ALTER EGO THEORIES

Bytemark next argues Masabi, LLC's connections to the jurisdiction of Texas apply to Masabi, LTD. In order to do so, Bytemark cherry-picks aspects of the Masabi, LTD. and Masabi, LLC.'s relationship to make it appear as though these separate companies are actually operating as single entity or that Masabi, LLC. is merely an agent of Masabi, LTD. Both are false. Bytemark conveniently ignores the facts that Masabi, LTD. is a United Kingdom registered company [**Exhibit 3**, Suppl Decl. ¶ 6], that Masabi, LLC is a United States company registered in Delaware [Id.] and that the two separate entities file separate tax returns, use different accounting firms, have separate bank accounts, have separate insurance policies, have separate budgets, pay expenses out of their own bank accounts, and do not share any debt [**Exhibit 3**, Suppl Decl. ¶ 6-15]. Bytemark appears to believe that sharing high-level management officers is evidence of an alter ego arrangement. This ignores the facts that Masabi, LTD. and Masabi, LLC. each have their own employees that sign employment contracts with their respective entities [**Exhibit 3**, Suppl Decl. ¶16-17] [**Exhibit 9**, pg. 6, ln. 9-14; pg. 6, ln. 21-24], have their own payrolls [**Exhibit 3**, Suppl Decl. ¶18-19] and that Masabi, LLC. has its own project managers, its own director of marketing, handles its own human resource management, has its own payroll

company, and generated its own bids for the VIA and Woodland contracts [**Exhibit 3**, Suppl Decl. ¶ 28-40] [**Exhibit 10**, pg. 37, ln 1-8].

For Bytemark to establish an alter ego arrangement, it must show that the line between Masabi, LTD. and Masabi, LLC. must "have become so blurred that [they] become one" *Sightline Payments, LLC*, 2002 U.S. Dist. LEXIS 103059, at *11.  Here, the lines are *not* blurred. Bytemark alleges that having high level executives of Masabi, LTD. oversee certain activities of Masabi, LLC. gives rise to the entities blurring into one. However, if this were the basis for establishing an alter ego arrangement, it would apply to virtually every corporate subsidiary. It also ignores the undisputed structures between Masabi, LTD. and Masabi, LLC. that establish them as separate legal and operational entities. [**Exhibit 3**, Suppl Decl. ¶1-53] [**Exhibit 8**, pg., 29, ln. 24 – pg. 30, ln. 2; pg. 32, ln. 1-4; pg. 45, ln 11-25]

Bytemark references the Masabi website and social media accounts to paint Masabi, LTD. and Masabi, LLC. as a single entity. Bytemark alleges that the testimony of James Gooch acknowledges that Masabi, LTD. and Masabi, LLC are a single enterprise "operating under one flag" (Bytemark Response p. 12 supposedly citing Gooch Dep. 13: 9-12). However, this is not what the deponent actually said.

Q. From a *marketing perspective*, do all entities , the Masabi entities, *kind of operate* under one flag?

A. Yes. [emphasis added]

[Exhibit 11, pg. 13, ln 9-12]

This fails to rise to the level of evidence of legally operating as a single entity. It further, is indicative of a willingness to misconstrue testimony to suit Bytemark's goals entirely. Even worse, Bytemark asserts that on their website Masabi, LTD. communicates to the public that it

4

conducts business in Texas and cites the deposition of James Gooch in support (Bytemark

Response p. 12). Placed in context, it is indisputable that the business in Texas was referring to

Masabi, LLC. and NOT Defendant Masabi, LTD.

Q. What do the red dots mean?

A. Deployment pins.

Q. Which mean what, where you have contracts?

---

A.  Yeah.

Q. Is there a customer in Texas, at least one customer?

A. LL – LLC has a customer in Texas.

[Exhibit 11, pg. 18, ln 18 – pg. 20, ln.3]

It's a huge leap to derive from this quote the conclusion that Masabi LTD. is purposely

availing itself to the jurisdiction of Texas. Finally, the mere allegation that Masabi, LTD. and

Masabi, LLC. employees attended a trade show together or that a single Masabi, LLC. employee

(Ashleigh Primm) during initial onboarding reported to a Masabi, LTD. account manager (Amie

Ward) does little to bolster Bytemark's alter ego theory [**Exhibit 3**, Suppl Decl. ¶38-50]. Further,

Masabi, LLC's sales representative develops the business opportunity, handles the negotiation

process for bids and submits all bids in North America. The resulting contracts are signed by

Masabi LLC bearing its New York address. [**Exhibit 12**, Dep. Tr. Simon p15, L9; p19, L13; p 44,

L14]. When reviewed without exaggeration or misconstruction the vast amount of facts before

this Court make it clear that Masabi, LTD. and Masabi, LLC. are separate companies and are not

operating in a fashion that so blurs the line that they are effectively a single entity. Bytemark, has

also not provided any evidence to support their agency theory outside of executive oversight

from Masabi, LTD. over Masabi, LLC. This does not establish that Masabi, LTD. has the right to

assign Masabi, LLC's tasks and control the means and details of the process by which Masabi,

LLC. will accomplish that task. *Trois v. Apple Tree Auction Ctr., Inc.,* 882 F.3d 485, 490 (5th Cir.

2018). Bytemark has failed to establish either an alter ego or agency relationship between

Masabi, LTD. and Masabi, LLC.

### III.     JURISDICTION IS NOT PROPER UNDER FED. R. CIV. P. 4(K)(2)

Bytemark argues that Masabi, LTD. has not identified a forum where jurisdiction would

have been proper and therefore did not thwart the application of F.R.C.P. 4(k)(2). To be clear,

Masabi, LTD. has significant contacts with businesses in New York, and that forum would have

been proper.  This factual admission moots the application of F.R.C.P. 4(k)(2). Further, the VIA

and Woodland contracts were signed by Masabi LLC, a Delaware company, using Masabi LLC's

work address in New York City. [**Exhibit 3**, A-1, A-2] The supplemental declaration of Masabi

LTD's general counsel, Craig Rattray, identifies multiple continuous contact engagements that

Masabi, LTD. has within the State of New York. [**Exhibit 3**, Suppl Decl. ¶53] Bytemark's

attempt to apply Fed. R. Civ. P 4(k)(2) should be rejected.

### IV.     EXERCISING PERSONAL JURISDICTION ON A UK COMPANY IN TEXAS
###          IS UNFAIR AND UNREASONABLE

Plaintiff argues "Given Defendant' significant contacts with Texas and the United States,

the assertion of personal jurisdiction over Defendant is reasonable and fair." Response Br. at p.

16. Plaintiff misrepresents the record. Defendant does not have significant contacts with Texas.

Knowing Defendant does not have sufficient contacts with Texas, Plaintiff pivots and attempts to

impute the actions of Masabi LLC. to Defendant. Masabi LLC., however, is not a party and its

contacts are irrelevant.

Plaintiff further argues "Defendants who purposefully direct their activities at forum residents bear the burden of presenting a "compelling case" that jurisdiction is unreasonable," citing *Burger King*, 471 U.S. at 477. Defendant has presented a compelling case why jurisdiction is unreasonable and unfair. Plaintiff cites *World-Wide Volkswagen*, 444 U.S. at 292, and the five factors cited therein to evaluate the reasonableness of jurisdiction. Plaintiff failed to address points three to five. Defendant addresses each below.

**(1)  The burden on the Defendant is substantial.**

Plaintiff argues the only evidence pointed to by Defendant on this point is found at ¶18, Decl. Rattray (Dkt#26-1) which states "It would be extremely burdensome for Masabi, LTD to defend this action in Texas. Masabi, LTD's potential key witnesses are located outside of the United States. Additionally, none of Masabi, LTD's files and records are located in Texas." Plaintiff failed to acknowledge the following evidence that is already of record: "Masabi, LTD. is a company incorporated and registered to do business in the United Kingdom"; "has no headquarters in the United States"; "owns no property in Texas"; "leases no property in Texas"; "has no offices in Texas"; "has no bank accounts in Texas"; "has no employees in Texas"; "does not have any contractors in Texas"; "does not have any contracts with any third parties (including Municipalities) in Texas"; "is not registered to do business in Texas"; "does not have an agent for service of process in Texas." [**Exhibit 1**, Rattray Decl. ¶¶ 5-17 (Dkt#26-1)]. For this motion, Plaintiff took jurisdictional discovery by conducting six depositions—in London—of Defendant's witnesses. None of those witnesses live, work, or do business in Texas. [**Exhibit 3**, Suppl Decl. ¶ 52]. The resulting depositions revealed substantial facts supporting why Defendant has insufficient contacts in Texas and thus personal jurisdiction is improper. For example:

Masabi LTD. does not have any buildings, rental space, storage, files, or property in Texas. [**Exhibit 3**, Suppl Decl. ¶ 21] The accused software in this lawsuit is not stored locally

nor is it present anywhere in Texas. [**Exhibit 3**, Suppl Decl. ¶ 21, 25] [**Exhibit 10**, pg. 15, ln. 7-19; pg. 19, ln. 5-8] Masabi LTD. does not place the accused software in the stream of Texas commerce, instead the accused software is on an AWS server in the cloud, and that server is physically located in the State of Washington, USA; [**Exhibit 3**, Suppl Decl. ¶ 25] Updates to the accused software are done by Masabi LTD. by employees that are located in the UK. [**Exhibit 3**, Suppl Decl. ¶ 27] Masabi LTD. has no contracts with any end customer in the US; has no customers in Texas; has never met with any customer in Texas; does not sell anything in Texas. [**Exhibit 3**, Suppl Decl. ¶ 44-47] [**Exhibit 12**, pg. 19, ln. 13-14; pg. 44, ln. 14-16] While Masabi LTD. does license its brand MASABI to Masabi LLC, Masabi LLC. pays for that license. [**Exhibit 3**, Suppl Decl. ¶ 48] [**Exhibit 7**, Rattray Dep. pg. 5 ln. 6 – pg. 6, ln.10; pg. 13, ln. 4-6] [**Exhibit 8**, pg., 29, ln. 24 – pg. 30, ln. 2; pg. 32, ln. 1-4; pg. 45, ln 11-25] In sum, a substantial burden would be placed on Defendant if it were required to defend itself in Texas.

   **(2) The forum State has no interest in adjudicating this dispute.**

   None of the parties are in Texas. As of August 1, 2023, Plaintiff Bytemark, Inc. is out of business. It was purchased by, and has merged with, Siemens Mobility, Inc. [**Exhibit 4**, Certificate of Merger and Patent Assignment]. Siemens Mobility now owns asserted USPN's 10,346,764 and 10,360,567. *Id.* Siemens Mobility is located at One Penn Plaza, 11th Floor, Suite 1100, New York, New York 10119. *Id.* See https://www.bytemark.co/support. Siemens' in house patent department is located 3850 Quadrangle Blvd., Orlando, FL 32817. *Id.*

   Masabi LTD. is located in the UK. [**Exhibit 3**, Suppl Decl. ¶ 2] VIA and Woodland municipalities are in Texas, but they are not parties. No parties are in Texas but the patent owner and the Defendant, are in New York. New York is the proper forum and is most convenient.

**(3)  The Plaintiff's interest in obtaining convenient and effective relief.**

Plaintiff has a parallel running suit in New York before Judge Gardephe where the exact same two patents are in suit. [**Exhibit 5**, Third Amended Complaint, *Bytemark v. Xerox Corp., et.al*, 1:17-cv-01803-PPG USDC ED NY; ECF No. 139].

Plaintiff's counsel, Mr. Keyhani, is the same attorney representing Bytemark in the New York suit. Mr. LaLone, Defense counsel here, was the attorney representing the Defendants in the New York suit. Mr. LaLone, in the NY suit, filed a motion to dismiss that suit based on the asserted patents being invalid.

Litigating the same patents, in two separate courts, is inconvenient, makes no sense, and is not likely to lead to effective, consistent relief. Plaintiff is simply forum shopping.

**(4)  The interstate judicial system's interest in obtaining the most efficient resolution of controversies.**

USPN's 10,346,764 and 10,360,567 are asserted in this and the New York case. Xerox filed an IPR petition with the USPTO and successfully invalidated claims 1, 2, 9, 10, 15-21, 23, 26-28 of the '764 patent. [**Exhibit 6**, IPR2022-00621, Final Decision 8-16-2023]. Xerox will likely be moving to invalidate the remaining claims based on, inter alia, Inequitable Conduct and because the claims lack patentable subject matter under 35 U.S.C. §101. As a matter of efficiency, it is the interstate judicial system's interest not to litigate the same patents, in multiple forums.

**(5)  The shared interest of the several States in furthering fundamental substantive social policies.**

This factor is neutral. Exercising personal jurisdiction on Masabi LTD in Texas would be unfair and unreasonable.

## **CONCLUSION**

Defendant has not purposefully availed itself to person jurisdiction in Texas, its contacts are insufficient. Defendant has presented a "compelling case" as to why jurisdiction is unreasonable and unfair. The motion should be granted and the case dismissed.

**BROZYNSKI & DALTON PC**

DATED: December 12, 2023        By: */s/Katarzyna Brozynski*
                                          Katarzyna Brozynski
                                          Bar No. 24036277
                                          kasia@bdlegalgroup.com
                                          Bart Dalton
                                          Bar No. 24043418
                                          bart@bdlegalgroup.com
                                          Eric Knudsen
                                          Bar No. 24120949
                                          eric@bdlegalgroup.com
                                          5700 Tennyson Parkway, Suite 300
                                          Plano, TX 75204
                                          Tel: 972-371-0679

                                          Douglas P. LaLone (*Pro Hac Vice Admitted*)
                                          **FISHERBROYLES, LLP**
                                          400 Renaissance Center, Suite 2600
                                          Detroit, MI 48243
                                          Telephone: 586.871.6302
                                          E-mail: Douglas.lalone@fisherbroyles.com

                                          *Attorneys for Defendant*
                                          *Masabi Ltd.*

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2023, the undersigned caused the foregoing document to

be filed using the Court's electronic filing system, which will give notice to all counsel of record.

*/s/Katarzyna Brozynski*
Katarzyna Brozynski