IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| BYTEMARK, INC., | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:22-cv-00304-ADA-DTG |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## **SCHEDULING ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Deadline | Item |
| --- | --- |
| January 11, 2024 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| March 7, 2024 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| March 12, 2024 | Parties exchange claim terms for construction. |
| March 22, 2024 | Parties exchange proposed claim constructions. |
| March 26, 2024 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| April 2, 2024 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| April 9, 2024 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| April 30, 2024 | Plaintiff files Responsive claim construction brief. |
| May 14, 2024 | Defendant files Reply claim construction brief. |
| May 14, 2024 | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| May 28, 2024 | Plaintiff files a Sur-Reply claim construction brief. |
| May 30, 2024 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| June 3, 2024 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| June 10, 2024[3] | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| June 11, 2024 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| June 25, 2024 | Deadline to add parties. |
| July 11, 2024 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| September 16, 2024 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| November 18, 2024 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| December 13, 2024 | Close of Fact Discovery. |
| December 20, 2024 | Opening Expert Reports. |
| January 21, 2025 | Rebuttal Expert Reports. |
| February 4, 2025 | Close of Expert Discovery. |
| February 11, 2025 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |

---

[3] All deadlines hereafter follow the original Markman hearing date and do not change if the Court delays the Markman hearing.

| | |
|---|---|
| February 18, 2025 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed).<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civil-forms/notice-consent-andreference-civil-action-magistrate-judge. |
| March 4, 2025 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery, and deposition designations). |
| March 18, 2025 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| March 25, 2025 | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| April 3, 2025 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| April 10, 2025 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to file replies to motions *in limine*. |
| April 24, 2025 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| April 28, 2025 | Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |
| May 29, 2025 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| June 3, 2025 | Final Pretrial Conference. Held in person unless otherwise requested. |

| June 10, 2025[4] | Jury Selection/Trial. |
|---|---|

SIGNED this 2nd day of February, 2024.

                                                                                 DEREK T. GILLILAND
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-Markman that are consistent with the Court's default deadlines in light of the actual trial date.