IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:22-cv-00304-ADA-DTG |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF BYTEMARK, INC.'S MOTION TO STRIKE
DEFENDANT MASABI LTD.'S OPENING CLAIM CONSTRUCTION BRIEF**

Plaintiff Bytemark, Inc. ("Bytemark") files this Motion to Strike the Opening Claim Construction Brief filed by Defendant Masabi Ltd. ("Masabi") and shows:

**I.     INTRODUCTION**

On April 9, 2024, Masabi filed its Opening Claim Construction Brief (Dkt. No. 41) (the "Brief"), which included arguments requesting that the Court construe eight terms in United States Patent No. 10,360,567 ("the '567 Patent); construe five terms in United States Patent No. 10,346,764 ("the '764 Patent"); and find ten terms in the '567 Patent and seven terms in the '764 Patent to be indefinite – comprising a total of thirty (30) terms to be evaluated by the Court at the claim construction stage of this case.  No leave of Court was ever sought by Masabi to exceed the eight-term limit specified in the Court's Standing Order Governing Proceedings (OGP) 4.4— Patent Cases ("OGP 4.4"), much less to exceed it by an additional twenty-two terms.  Masabi's flagrant attempt to flout the Court's *Markman* briefing rules is clearly improper, and Masabi's Brief should be stricken for that reason.

## II.     ARGUMENT

The Court's OGP 4.4 provides that the presumed limit on the number of claim terms to be construed in a case involving one to two patents is eight terms. OGP 4.4 at 7. The presumed limit is "the maximum number of terms that each side may request the Court to construe without further leave of Court." OGP 4.4 at 7. In other words, leave of the Court is required before more than eight terms can be requested for construction by either party in their claim construction briefing. Here, Masabi's Brief ignores the Court's OGP 4.4.

Masabi requests that the Court construe eight terms[1] of the '567 Patent, which is within the presumed limits of OGP 4.4. However, Masabi then proposes that the Court construe an additional five terms in the '764 Patent based on previous agreements reached by the parties regarding these terms in **different** patents in unrelated litigation filed in the Eastern District of Texas. Brief 14. Masabi disingenuously claims that it is not requesting the Court to construe any claims of the '764 Patent but simply "encourages the adoption of these [E.D. Tex.] constructions to facilitate unnecessary relitigating of already agreed upon definitions." Brief 14. Regardless of how Masabi spins what it is attempting to do, it is evident that Masabi is asking the Court for a construction of these terms—terms which Masabi never identified in its Proposed Claim Terms for Construction, served on March 12, 2024 (**Ex. A**), or its Proposed Claim Constructions served on March 22, 2024 (**Ex. B**) (collectively, the "Required Claim Construction Disclosures"). The request to construe the five identified terms in the '764 Patent is clearly in excess of the presumptive limit of eight terms set forth in the Court's OPG 4.4 and should be stricken.

---

[1] One of these eight terms that Masabi requests the Court to construe in claim 1 of '567 Patent—"Validation Visual Object"—was never disclosed as a term proposed for construction in any of Masabi's Required Claim Construction Disclosures. However, in its Brief, Masabi now argues that this term should be construed consistent with Magistrate Judge Roy Payne's construction of that term in a prior case between these parties filed in E.D. Tex. on **different** patents. Brief at 14.

Masabi further fails to adhere to the Court's rules by arguing that seventeen terms in the asserted claims of the patents-in-suit are indefinite. Brief 15. Obviously, that number far exceeds the Court's presumed limit of eight terms, especially when considering the additional thirteen terms for which Masabi submits a proposed construction.

Masabi may argue that requesting the Court to find that terms are indefinite is not a request to construe those terms, but Masabi would be wrong. This Court has specifically determined that the OGP's presumed limit on claim terms applies to terms that a defendant contends are indefinite. *See SitePro, Inc. v. WaterBridge Res., LLC*, No. 6:23-cv-00115-ADA-DTG, 2023 WL 1036625528 (W.D. Tex. Nov. 21, 2023). In *SitePro*, the defendant contended that the language of the OGP[2] at issue in that case exempted indefinite terms from being counted towards the presumptive limit. *Id.* at *1. Further, the defendant contended that by arguing a term is indefinite, they were not requesting construction of the term because those terms are incapable of construction. *Id.* This Court quickly dismissed those contentions:

> The Court disagrees with Defendants. The only support Defendants find in the OGP for excluding indefinite terms from the presumptive limit is an Exemplary Schedule, and not part of the body of the OGP. Additionally, Defendants position that arguing a term is indefinite means it cannot be construed demonstrates that Defendants' indefiniteness arguments require the Court to determine whether the terms are amendable to construction.

*Id.,* at *2. Thus, claim terms that a defendant contends are indefinite count towards the presumptive limit specified in Section IX of the Court's current OGP.

None of the seventeen terms identified by Masabi in its Brief as being indefinite were identified as such in either Masabi's Invalidity Contentions served on March 7, 2024 (**Ex. C**), or

---

[2] The *SitePro* decision involved a prior iteration of the Court's OGP, OGP 4.3 entered on April 4, 2023. However, there is no difference in the presumptive limit language of Section IX of OGP 4.3 and Section IX of OGP 4.4.

3

Masabi's Required Claim Construction Disclosures. In fact, Masabi previously proposed constructions for six of the terms in the '567 Patent ("pass", "behavioral anomalies/anomoly", "the pass data", "mismatch of hash value", "updated usage data", and "fraudulent activity bit") that it now asserts are indefinite. *See* Def.'s Proposed Claim Constructions (Ex. B). It was only after Bytemark received Masabi's Brief that Bytemark first learned which terms Masabi now contends are indefinite.

Even more egregious, Masabi's Brief simply "lists" the seventeen terms that it claims are indefinite and then provides **zero** argument in support of its position. Brief 14–15. Masabi attempts to explain this bizarre position by stating that "Defendant cannot yet provide a complete list of their § 112 defenses because Defendant does not know whether Plaintiff will proffer a construction for certain terms and phrases broader than, or inconsistent with, the construction that would be supportable by the disclosure set forth in the specification." Brief 15. In other words, Masabi's strategy is to simply suggest that the listed terms are indefinite, wait for Bytemark to argue why the terms are not indefinite, and then proceed to make substantive arguments as to indefiniteness in a reply claim construction brief. This gamesmanship is directly contrary to the letter and spirit of the claim construction disclosure and briefing procedures adopted by this Court and should not be condoned.

Masabi has the burden to prove indefiniteness—not Bytemark. Masabi should not be allowed to put Bytemark in the position of having to initially argue that the terms Masabi belatedly disclosed in its Brief are **not** indefinite and then tailor its indefiniteness arguments to rebut the positions of Bytemark in a reply brief. Moreover, Masabi should not be permitted to argue that **any** terms are indefinite since it has spectacularly failed to conform its briefing to the Court's limit on the number of claims terms that can be properly argued.

### III. CONCLUSION

For the foregoing reasons, Bytemark respectfully moves the Court to strike Masabi's Opening Claim Construction Brief in its entirety or, in the alternative, to limit Masabi's briefing on claim construction to the seven terms and their proposed constructions identified in Masabi's Required Claim Construction Disclosures and preclude Masabi from arguing invalidity based on indefiniteness of the claim terms that Masabi introduced for the first time in its Opening Claim Construction Brief and that were never identified in Masabi's Required Claim Construction Disclosures, and for such other and further relief as the Court deems suitable and just.

Dated: April 29, 2024

Respectfully submitted,

*/s Andy Tindel*

Andy Tindel
Texas Bar No. 20054500
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
atindel@andytindel.com

Dariush Keyhani (*pro hac vice*)
Lead Attorney
District of Columbia Bar No. 1031500
Frances H. Stephenson (*pro hac vice*)
New York registration No. 5206495
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send a notification via electronic mail to all counsel of record.

                                                */s/Andy Tindel*
                                                Andy Tindel

## **CERTIFICATE OF CONFERENCE**

Counsel for Bytemark conferred with counsel for Masabi on April 29, 2024 concerning the foregoing motion and Masabi opposes the relief requested therein.

                                                */s/Andy Tindel*
                                                Andy Tindel